Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff DIANA GASPARYAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA GASPARYAN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> RASH CURTIS AND ASSOCIATES, a business entity, form unknown; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> **1) THE FAIR DEBT COLLECTION PRACTICES ACT,** <br><br> **AND** <br><br> **2) THE ROSENTHAL ACT.** <br><br> **DEMAND FOR JURY TRIAL.** |

## I. JURISDICTION AND VENUE.

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

2. Venue in this District is proper in that Plaintiff's claim arose in this District.

## II. THE PARTIES.

3. The plaintiff, DIANA GASPARYAN ("Plaintiff"), is a natural person. At all relevant times, she resided in the county of Los Angeles, California.

4. Defendant RASH CURTIS AND ASSOCIATES (hereinafter "RCAA"), is, and at all times relevant herein was, a business entity, form unknown, with its principal place of business in Vacaville, California.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and approved by the other named defendants.

7. Defendants are debt collectors, as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), and as defined by California Civil Code section 1788.2( c).

### III. FACTUAL ALLEGATIONS.

8. Plaintiff, who is not a minor, received delivery of a medical infusion device from a company in 2016. When she no longer needed the infusions – still in 2016 – she repeatedly contacted the company to request that they retrieve the device from her, but they failed to respond to her requests. Plaintiff did not hear anything further from the company.

9. In or around February, 2021, Plaintiff received a letter from RCAA seeking to collect $2,326.89, on behalf of "Premier Infusion Care." Apparently the

alleged debt was Premier Infusion Care's estimate of the value of the infusion device which they (or their predecessor in interest) had declined to pick up from Plaintiff approximately five years earlier.

10. Plaintiff promptly mailed RCAA a cease and desist letter, pointing out that the debt was not valid, indicating that she refused to pay the debt, and instructing RCAA to cease communicating with her relating to the debt.

11. Nevertheless, RCAA mailed Plaintiff a letter dated February 17, 2021, stating in part, "We are in receipt of your correspondence requesting details." In fact, Plaintiff's letter did not "request[] details," but demanded cessation of communication. RCAA's February 17, 2021, letter went on to claim that "service occurred on 07/01/2018," though Plaintiff received no service on that date – or any date after 2016 – and further stated, "this is an attempt to collect a debt."

12. RCAA sent Plaintiff further correspondence on March 2, 2021, repeating the false assertion that "service" occurred in July, 2018, and again stating, "this is an attempt to collect a debt."

13. RCAA sent Plaintiff another correspondence dated May 3, 2021, renewing their claim that Plaintiff owed $2,375.19, inviting her to pay, and stating again, "this is an attempt to collect a debt."

14. RCAA's letters were an attempts to collect sums of money that included fees, penalties and interest not authorized by any enforceable contract or statute.

**FIRST CLAIM FOR RELIEF**

(For Violations of the FDCPA Against RCAA and DOES 1 through 5, inclusive)

15. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 14 above.

16. Defendants, and each of them, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a) Falsely representing the character, amount, or legal status of the debt she

allegedly owed, in violation of 15 U.S.C. §1692e(2)(A);

b) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);

c) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

d) Repeatedly failing to cease communication after receiving a cease communication directive, in violation of 15 U.S.C. §1692c( c);

e) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

17. As a direct and proximate result of the above violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to feelings of anguish, frustration, humiliation, anxiety, and stress, among other things.  For that reason, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

## SECOND CLAIM FOR RELIEF

(For Violations of the Rosenthal Act Against RCAA and DOES 1 through 5, inclusive)

18. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 17 above.

19. Defendants, and each of them, knowingly and wilfully violated California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal Act"). Defendants' violations include, but are not limited to, the following acts performed in attempting to collect a consumer debt:

a) Falsely representing the character, amount, or legal status of the debt she

allegedly owed, in violation of 15 U.S.C. §1692e(2)(A) and California Civil Code section 1788.17;

b) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10) and California Civil Code section 1788.17;

c) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f and California Civil Code section 1788.17;

d) Repeatedly failing to cease communication after receiving a cease communication directive, in violation of 15 U.S.C. §1692c( c), and California Civil Code section 1788.17; and

e) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1692f(1) and California Civil Code section 1788.17.

20. As a result of defendants' violations of the Rosenthal Act, puRCAAuant to Civil Code section 1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs.

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the defendants as follows:

1. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2) and/or Civil Code section 1788.30(b);

2. Actual damages, pursuant to 15 U.S.C. section 1692k(a)(1) and/or Civil Code section 1788.30(a);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section 1692k(a)(3), and/or Civil Code section 1788.30(c) and/or Code of Civil Procedure section 490.020.

4. General damages, in an amount subject to proof at trial; and

5. Such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that Plaintiff DIANA GASPARYAN requests a trial by jury.

DATED: May 18, 2021            Respectfully submitted,

By: _____
Aidan W. Butler
Attorney for Plaintiff
DIANA GASPARYAN